**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALTARIQ WILLIAMS, | |
| Petitioner, | Civil No. 05-3112 (MLC) |
| v. | |
| LYDELL SHERRER, et al., | **O P I N I O N** |
| Respondents. | |

**APPEARANCES:**

   ALTARIQ WILLIAMS, #208983C
   Northern State Prison, Newark, New Jersey  07114-2300
   Petitioner pro se

   THOMAS S. FERGUSON, WARREN COUNTY PROSECUTOR
   TARA J. KIRKENDALL, Assistant Prosecutor
   Warren County Court House, Belvidere, New Jersey  07823
   Attorneys for Respondents

**COOPER,** District Judge

   Altariq Williams filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in New Jersey Superior Court.  Respondents filed an Answer, arguing that the Petition should be dismissed on the merits.  The Court will dismiss the Petition with prejudice and deny a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a),(b),(c).

**I.  BACKGROUND**

   Petitioner challenges a judgment of conviction entered on May 2, 2003, in New Jersey Superior Court, Warren County, after a jury convicted him of possession of marijuana, eluding, possession of cocaine, receiving stolen property, hindering apprehension of

prosecution, aggravated assault, and unlicensed driving.  The Law Division sentenced Petitioner to an aggregate seven-year term of incarceration, with an 85% period of parole ineligibility, under the No Early Release Act, see N.J. STAT. ANN. § 2C:43-7.2.

Petitioner appealed, but the New Jersey Appellate Division affirmed.  See State v. Williams, Docket No. A-4950-02T4 slip op. (N.J. App. Div., March 8, 2004).  On June 17, 2004, the New Jersey Supreme Court denied his petition for certification.  See State v. Williams, 180 N.J. 455 (2004).

The Appellate Division summarized the facts as follows:

> The charges resulted from the police pursuit of defendant, who was driving a stolen vehicle, from Easton, Pennsylvania, over the Route 22 toll bridge and into Phillipsburg, New Jersey, ending in a crash that injured several people.  Upon exiting the vehicle, defendant attempted to flee the accident scene.  During his attempted flight, defendant was observed discarding controlled dangerous substances that were in his possession.

State v. Williams, Docket No. A-4950-02T4 slip op. at p. 3.)

Petitioner executed the Petition which is now before the Court on June 10, 2005.  The Clerk received it on June 20, 2005. The Court notified Petitioner of the consequences of filing such a Petition, and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition sets forth the following grounds:

Ground One:  DID STATE TROOPER RYER'S AND BRODZIAK'S TESTIMONY ON MR. WILLIAMS' REFUSAL TO GIVE A STATEMENT

>    ON THE EVENING OF THE ACCIDENT, AS WELL AS THE
>    PROSECUTOR'S SUMMATION COMMENTS ON DEFENDANT'S SILENCE,
>    VIOLATE DEFENDANT'S RIGHT TO REMAIN SILENT, DEPRIVE HIM
>    OF HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL?
>    U.S. CONST. AMENDS. V, VI, XIV.
>
>    Ground Two:  IN LIGHT OF DEFENDANT'S AGE, AND THE FACT
>    THAT HE WAS IMPAIRED BY DRUG INGESTION ON THE NIGHT OF
>    THE INCIDENT, DID THE TRIAL COURT ABUSE ITS DISCRETION
>    IN IMPOSING A SENTENCE THAT WAS NOT BELOW THE
>    PRESUMPTIVE TERM?

(Pet. ¶ 12.)

The State filed an Answer, arguing that the Petition should be dismissed because neither claim satisfies the standard for granting habeas relief.

## II.  STANDARD OF REVIEW

The Court has jurisdiction to entertain a habeas petition challenging a state conviction or sentence that is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court may not address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1] The Court also may not recharacterize a ground asserted under state law as a federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where petition raised claim that police elicited petitioner's statements without satisfying Miranda, district court erred by going beyond habeas petition and finding statements petitioner made after receiving Miranda warnings to be involuntary under due process criteria); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from facts but not raised in petition, that appellate counsel was ineffective by failing to advise petitioner that he faced longer sentence by appealing conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged correctness of self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that exclusion of testimony violated rights under state law, federal court may not consider ground, not set forth in petition, that exclusion of testimony violated federal due process rights).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Del. Corr. Ctr., 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits" in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[3]

A decision is "contrary to" a Supreme Court holding if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme]

---

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (cites and quotes omitted), reversed on other grounds sub nom., Rompilla v. Beard, 545 U.S. 374 (2005). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[4] Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

---

[4] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent." Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and internal quotation marks omitted).

6

### III.  DISCUSSION

A.  Right to Remain Silent

In Ground One, Petitioner asserts that two police officers testified in his criminal trial and both referred to his refusal to give a statement. Specifically, Petitioner asserts that Trooper Ryer testified that Petitioner refused to give a statement for the accident report at the time of arrest and again at the hospital. He alleges that Trooper Brodziak mentioned Petitioner's refusal to sign the Miranda card at police headquarters. In addition, Petitioner complains that the prosecutor violated his Fifth Amendment right to remain silent by commenting during summation that Petitioner wouldn't sign the Miranda card or acknowledge that he understood his rights. (Letter-Br., at 10.)

The Appellate Division rejected Petitioner's claims:

> Defendant's contention that portions of the testimony of New Jersey State Troopers Edward Ryer and Michael K. Brodziak violated defendant's constitutional right to remain silent is raised for the first time on appeal . . . . we find no error in admission of Trooper Ryer's testimony that, during the course of standard police procedure in investigating the accident, defendant refused to give a statement. Trooper Ryer, who had not observed the chase or the accident, was simply describing standard police procedures undertaken by him at the scene of the accident that would allow him to complete the accident report. That testimony did not infringe on any of defendant's constitutional rights and did not constitute "interrogation" designed to evoke an incriminating response.
>
> We also find no error in admission of Trooper Brodziak's testimony that defendant had refused to sign the Miranda warnings card. That testimony merely reflected the fact that defendant would not acknowledge he had been advised of his constitutional rights, and could not be

7

> interpreted as an exercise of his right to remain silent.
>
> The questions posed by Troopers Ryer and Brodziak to defendant were "ministerial" in nature, part and parcel of normal police practice and procedure, and did not constitute "interrogation. As such, they are outside the scope of the privilege against self-incrimination . . . .
>
> We also find no error in the prosecutor's comments during summation concerning the hindering apprehension charge.  In merely reasonably commenting on the evidence, the prosecutor stated that defendant had provided the investigating officers with a false name and date of birth at the scene of the accident.  That evidence was clearly relevant on the elements of the offense of hindering apprehension.
>
> Moreover, even if defendant has correctly identified the statements by the Troopers as error, it was harmless error.  The State presented overwhelming evidence of defendant's guilt, and admission of those statements was not clearly capable of producing an unjust result.  Both Officer Sean Molony and Lieutenant Douglas H. Schlegel . . . identified defendant as the driver of the stolen vehicle they had pursued, and nothing in the record suggested that anyone other than defendant had been driving the vehicle.

State v. Williams, Docket No. A-4950-02T4 slip op. at pp. 4-7 (citations omitted).

No person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  The Fourteenth Amendment incorporates the Fifth Amendment privilege against self-incrimination.  Malloy v. Hogan, 378 U.S. 1, 8 (1964).

Petitioner's claims are based on Griffin v. State of California, 380 U.S. 609, 611 (1965).  In Griffin, the defendant was convicted of first degree murder after the prosecution had stated in summation that the defendant was the only person who

8

could provide information as to certain details relating to the murder and yet had "'not seen fit to take the stand and deny or explain.'"  The Supreme Court reversed the conviction on the ground that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."  Id. at 615.[5]  The Griffin Court reasoned that "comment on the refusal to testify is a remnant of the 'inquisitorial system of criminal justice,' which the Fifth Amendment outlaws.  It is a penalty imposed by courts for exercising a constitutional privilege.  It cuts down on the privilege by making its assertion costly."  Id. at 614 (quoting Murphy v. Waterfront Comm'n of N.Y. Harbor, 378 U.S. 52, 55 (1964)).

The Supreme Court determined in Chapman v. California, 386 U.S. 18, 24 (1967), that a Griffin error is subject to the harmless error test, that is, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

The Supreme Court later observed that "[t]he Griffin case stands for the proposition that a defendant must pay no court-imposed price for the exercise of his constitutional privilege not to testify."  Carter v. Kentucky, 450 U.S. 288, 301 (1981).

---

[5] See also Baxter v. Palmigiano, 425 U.S. 308, 319 (1976) ("Griffin prohibits the judge and prosecutor from suggesting to the jury that it may treat the defendant's silence as substantive evidence of guilt").

9

The Carter Court held that the Fifth Amendment privilege against compulsory self-incrimination requires a state criminal trial judge to "give a 'no-adverse-inference' jury instruction when requested by a defendant to do so." Id. at 300.

The Supreme Court also has held that prosecutorial misconduct may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Where "specific guarantees of the Bill of Rights are involved, [the Supreme] Court has taken special care to assure that prosecutorial misconduct in no way impermissibly infringes them." Id. at 642. The quantum or weight of the evidence is crucial to determining whether the prosecutor's statements before the jury were so prejudicial as to result in a denial of due process. Darden v. Wainwright, 477 U.S. 168, 182 (1986); Donnelly, 416 U.S. at 644; Moore v. Morton, 255 F.3d 95, 111 (3d Cir. 2001).

This Court holds that the New Jersey courts' adjudication of Petitioner's self-incrimination claims was not contrary to, or involved an unreasonable application of, Griffin or other Supreme Court holdings. Thus, Petitioner is not entitled to habeas relief on Ground One.

B.  Challenge to Sentence

In Ground Two, Petitioner argues that the trial court abused its discretion in imposing a sentence that was not below the presumptive term. This claim is not cognizable under § 2254

10

because Petitioner does not assert that the sentence violated his federal Constitutional rights.  Moreover, absent a claim that the sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment or is arbitrary or otherwise in violation of due process, the legality of a sentence is a question of state law.  See Chapman v. United States, 500 U.S. 453, 465 (1991); Gryger v. Burke, 334 U.S. 728, 731 (1948); Jones v. Superint. of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984).[6]  "[A] person who has been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual . . . and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause."  Chapman, 500 U.S. at 465 (citations omitted).

---

[6] In Gryger v. Burke, 334 U.S. 728, 731 (1948), the Supreme Court rejected a due process challenge to a life sentence imposed by the Pennsylvania courts.  The Supreme Court held:

> We are not at liberty to conjecture that the trial court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied.  We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.

Id. at 731.

Ground Two does not assert violation of federal law. Thus, it is not cognizable under § 2254 and does not warrant habeas relief.

C. Certificate of Appealability

The Court denies a certificate of appealability. Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. CONCLUSION

The Court will dismiss the Petition with prejudice and decline to issue a certificate of appealability under 28 U.S.C. § 2253(c).

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge